UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERIN MOSIER,

                              Plaintiff,

       -against-

THE STATE UNIVERSITY OF NEW YORK,
STONY BROOK UNIVERSITY, and
LAWRENCE FROHMAN, Ph.D., individually,

                          Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
18-cv-6539 (SJF)(AKT)

FEUERSTEIN, District Judge:

I.     Introduction

On January 2, 2020, this Court issued a Memorandum and Decision,[1] with which the Court assumes the parties' familiarity, and which granted in part and denied in part the SUNY Defendants' and Frohman's respective Rule 12(b)(6) motions to dismiss.  (*See* January Decision.)  Thereafter, the SUNY Defendants and Frohman each moved for judgment on the pleadings (*see* ECF No. 54 (SUNY Defendants' Motion); *see also* ECF No. 54-1 (SUNY Defendants' Support Memo); ECF No. 55 (Frohman's Motion); ECF No. 55-1 (Frohman's Support Memo)), with the SUNY Defendants seeking dismissal of Plaintiff's claim against it pursuant to N.Y.S. Executive Law § 296(4) (hereafter the "§ 296(4) Claim"), and Frohman seeking dismissal of Plaintiff's claim against him pursuant to N.Y.S. Executive Law § 296(6) (hereafter the "§ 296(6) Claim"; together with the § 296(4) Claim, the "NYSHRL Claims").  Plaintiff does not oppose the SUNY Defendants' Motion (*see* ECF No. 54-3 (Opposition)) but

---

[1] The Court presumes the parties' familiarity with the terms of art defined in the Court's January 2, 2020 Memorandum and Decision (hereafter, the "January Decision") issued in this case, *see Mosier v. State Univ. of N.Y.*, No.18-cv-6539, 2020 WL 42830 (E.D.N.Y. Jan. 2, 2020); *see also* Case Docket, ECF No. 44 (January Decision), which are incorporated herein.  Page citations to the January Decision shall be to those found in the docketed decision, *i.e.*, ECF No. 44.

opposes Frohman's Motion (*see* ECF No. 55-4 (Opposition)[2]). For the reasons that follow, both Motions are granted.

II. Background

    *A. Generally*

The Court incorporates by reference Part II(A) & (B) of its January Decision, which: recites Plaintiff's factual allegations, based upon her Amended Complaint, which are assumed to be true for purposes of this Memorandum & Order, but which do not constitute findings of fact by the Court, *see, e.g., Feltzin v. Stone Equities, LLC*, No. 16-cv-6457, 2018 WL 1115135, at *1, *6 (E.D.N.Y. Fed. 8, 2018), *report and recommendation adopted by* 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018); and, discusses the procedural background of this case through the January Decision.

    *B. The Present Rule 12(c) Motions*

        1. The SUNY Defendants' Position and Plaintiff's Response

Presently, the SUNY Defendants argue that "[t]he Court lacks subject matter jurisdiction over [Plaintiff's § 296(4) C]laim as it is barred by sovereign immunity and the Eleventh Amendment of the Unites States Constitution." (SUNY Defendants' Support Memo at 5; *see also id.* at 7 ("It is well established that under the Eleventh Amendment, state agencies, like the SUNY Defendants, and state agents sued in their official capacity are, as a general rule, immune

---

[2] Although assigned two docketing numbers by the Court's Electronic Case Filing (ECF) system, Plaintiff submitted one opposition brief to both Rule 12(c) Motions, which he styled as a "Combined Memorandum of Law in Opposition to Defendants' Motions to Dismiss". The double submission of the Opposition occurred to comply with the undersigned's "Bundle Rule" (*see* SJF Individual Rule 4(B), *available at* https://img.nyed.uscourts.gov/rules/SJF-MLR.pdf). (*See also* Opposition at 1 ("As with Defendants' prior motions to dismiss, Mosier submits this Combined Memorandum of Law to address both motions, in compliance with the Court's 'Bundle Rule.'").)

2

from suits brought by private parties in federal court." (citations omitted).)  Plaintiff acknowledges the accuracy of this position.  (*See* Opposition at 1-2 "Plaintiff has reviewed and recognizes the case law supporting SUNY's [M]otion.  Accordingly, Plaintiff respectfully requests that the Court issue an Order dismissing the [§ 296(4) C]laim against SUNY without prejudice." (citations omitted).)

### 2. Frohman's Position and Plaintiff's Response

Frohman contends that if Plaintiff's § 296(4) Claim against the SUNY Defendants is dismissed, her § 296(6) Claim against him must also be dismissed since establishing the liability of the employer is a predicate to finding an employee liable under an aider-and-abettor theory. (*See* Frohman Support Memo at 3 ("As a matter of law, absence of any liability on the part of the employer would require dismissal of an aiding and abetting claim against an employee." (citations omitted)); *see also id.* at 4 ("[T]he liability of an employer must be established as a predicate to individual liability for aiding and abetting [under § 296(6)]." (quoting *Wilkinson v. N.Y. State*, 18-cv-4148, 2019 WL 5423573 (E.D.N.Y. Oct. 22, 2019); quotation marks omitted)).)  Frohman further argues he is the only individual defendant, and, therefore, "cannot aid and abet his own conduct."  (*Id.* at 5; *see also id.* at 6-8 (discussing cases finding individuals cannot aid and abet their own conduct).)  As such and in the absence of any allegations that he assisted another person in discriminating Plaintiff, Plaintiff's § 296(6) Claim against him must be dismissed.  (*See id.* at 8.)

Relying upon *Johnson v. County of Nassau*, 82 F. Supp.3d 533, 535 (E.D.N.Y. 2015), and recognizing that she "will still be required to demonstrate liability for SUNY under the NYSHRL" (Opposition at 3), Plaintiff counters that she is not precluded from bringing her

3

§ 296(6) Claim if the SUNY Defendants are no longer parties to this action. (*See id.* at 4 ("In this case, as in *Johnson*, Mosier can establish liability against SUNY under the NYSHRL as a predicate to Frohman's liability for aiding and abetting *without* SUNY being sued under the NYSHRL in this forum. The jury can be charged on SUNY's liability under the NYSHRL as a threshold issue, even though that claim is not in this forum." (emphasis in original)).) She also argues that "[i]t is a misstatement to say that Frohman is being sued for . . . aiding and abetting [his] own conduct," as "[i]t is SUNY that is being sued for discrimination, and Frohman is being sued for aiding and abetting that discrimination by 'actually participating' in the underlying conduct." (*Id.* at 6 ("As the *Johnson* court noted, 'the employee under Section 296(6) is not aiding and abetting his own conduct *per se*, but rather aiding and abetting the employer's violation, based on its condonation or approval of the employee's conduct.'" (quoting *Johnson*, 82 F. Supp.3d at 539)).) Finally, Plaintiff contends that "[a]ccepting Frohman's argument would create a loophole in the law that shields the primary perpetrator of discrimination." (*Id.* at 7.)

III. <u>Discussion</u>

    A. *Rule 12(c) Standard*

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); quotation marked omitted). Therefore, a court must "accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff." *Stone Equities*, 2018 WL 1115135, at *6 (citing *Kirkendall v. Haliburton*, 707 F.3d 173, 178-79 (2d Cir. 2013) ("We review a judgment under Federal Rule of Civil Procedure 12(c) de novo, accepting the complaint's factual allegations as true and drawing all reasonable

4

inferences in the plaintiff's favor."); further citations omitted); *see also* January Decision at 14-15 (discussing Rule 12(b)(6) dismissal standard).

    B.  The Instant Case

        1.  <u>The § 296(4) Claim Against the SUNY Defendants</u>

Since "Plaintiff agrees that the case law presented by SUNY Defendants mandates dismissal of this cause of action in federal court" (SUNY Defendants' Reply at 1), and she has "request[ed] that the Court issue an [o]rder dismissing the [§ 296(4) C]laim against the SUNY Defendants without prejudice" (Opposition at 1-2), the SUNY Defendants' Motion is granted.

        2.  <u>The § 296(6) Claim Against Frohman</u>

In its January Decision, because the Court declined to dismiss the § 296(4) Claim against the SUNY Defendants, it also declined to dismiss the § 296(6) Claim against Frohman. (*See* January Decision at 22) ("Because, at this point in the case, the threshold determination regarding the SUNY Defendants' liability under § 296(4) remains an open issue, it is premature to dismiss Mosier's § 296(6) [C]laim against Frohman.").) In doing so, the Court: stated that it was not yet necessary "to determine which of the parties' opposing arguments should prevail regarding the issue of whether a single individual, whose unlawful discriminatory conduct is the basis for [the] § 296(4) claim, can aid and abet his own conduct" (*id.* at 22-23); and relied upon *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp.2d 89, 115 (E.D.N.Y. 2011) in reaching its conclusion, noting that the *Alexander* Court discussed "§ 296(6) aider and abettor liability when there is only one individual" and recognized "that Second Circuit precedent regarding aider and abettor liability has not addressed such a fact scenario," but, nonetheless, "conclude[ed] that where there is no liability on the employer's part, any claim based upon

5

§ 296(6) must fail." (*Id.* at 23.) For present purposes, the *Alexander* decision continues to prove informative as the *Alexander* Court stated, *inter alia*, that "*the law regarding § 296 is far from settled,*" and that "*much of the controversy goes to § 296(6) . . . .*" *Alexander*, 829 F.Supp.2d at 116 (declining to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(1) & (4), over the plaintiff's § 296(1) claim where it was unclear if the individual defendant could be considered plaintiff's employer) (emphasis added).

In conjunction with its ruling on the SUNY Defendants' Motion, considering the cumulative weight of the following factors, the Court finds it eminently prudent to dismiss Mosier's § 296(6) Claim without prejudice to be heard in tandem with her § 296(4) Claim in state court and, therefore, unnecessary to resolve the parties' opposing positions regarding whether a single individual can aid and abet his own allegedly discriminatory conduct: the applicability of the Eleventh Amendment, which requires Mosier to proceed in state court as to her § 296(4) Claim against the SUNY Defendants; the necessity of Mosier to first establish § 296(4) liability against the SUNY Defendants before she can bring her § 296(6) Claim of aider and abettor liability against Frohman; the potential for inconsistent results as to Mosier's § 296(4) Claim if her § 296(6) Claim against Frohman were to remain in this Court; case law precedent supporting declining supplemental jurisdiction over § 296(6) claims based upon the split within New York courts on the issue of aider and abettor liability, *see, e.g., Fiacco v. Christie's*, No. 00-cv-526, 2002 WL 257693, at *3 (N.D.N.Y. Feb. 21, 2002)("Given the unsettled nature of the state of the law in New York regarding § 296(6), however, this Court declines to exercise supplemental jurisdiction over these State law claims." (citing 28 U.S.C. § 1367(c)(1) & (4))); the continued split in district court decisions within this Circuit regarding whether a sole individual can aid and abet his own discriminatory conduct, *cf., e.g., Boyce v.*

6

*Weber*, No. 19-cv-3825, 2020 WL 5209526, at *2 (S.D.N.Y. Sept. 1, 2020) (stating that "[c]ourts in this Circuit are divided on the question of whether, under the NYSHRL, 'an individual can be held liable for aiding and abetting his own conduct'" (quoting *Murtha v. N.Y. State Gaming Comm'n*, No. 17-cv-10040, 2019 WL 4450687, at *18 (S.D.N.Y. Sept. 17, 2019) (citing cases))(collecting cases), but concluding that where "there is only one individual defendant" no aider and abettor liability lies); *with Beni v. New York*, No. 18-cv-615, 2019 WL 7598702, at *8 (E.D.N.Y. Aug. 19, 2019)(recognizing "a split in this Circuit as to whether, under some circumstances, a person can be liable as an aider and abettor for [his/her] own discriminatory conduct," but concluding that "the weight of the authority tips decidedly in favor of allowing the aider and abettor claim to go forward"; collecting cases), *report and recommendation adopted by* 2019 WL 4894243 (E.D.N.Y. Sept. 30, 2019)(appeal filed Oct. 3, 2019); as well as considerations of judicial economy, convenience, fairness and comity, *see generally* 28 U.S.C. § 1367(c)(1) & (4).

  Mosier's reliance on the *Johnson* case in opposition to Frohman's Motion is unavailing since it is readily distinguishable from the present case as it "simply h[e]ld[] that a plaintiff can still prove involvement by the employer even if the employer is procedurally dismissed from the case (or is not brought as a defendant at all)." 82 F. Supp.3d at 537. Significantly, the *Johnson* Court further states that "the absence of the employer as a party to the suit does not relieve plaintiff of its obligation, as part of its Section 296(6) claim against the individual employee, of first proving the liability of the employer." *Id.* Thus, in that case, such proof would be presented to the same court, thereby forestalling any risk of inconsistent results from different courts on the same issue of predicate employer liability. That factual distinction undermines Plaintiff's proffer of *Johnson* to defeat Frohman's Motion because if her § 296(6) Claim against him were to

7

remain here, with her § 296(4) Claim against the SUNY Defendants being pursued in state court, there would be a potential risk of inconsistent results on the issue of the SUNY Defendants' predicate liability. Granting Frohman's Motion without prejudice eliminates that risk since Mosier will need to establish the requisite predicate liability before one court only. (*See, e.g.*, Frohman Reply (ECF No. 55-8) at 4-5 (arguing that, *inter alia*, "judicial economy" and "the risk of inconsistent verdicts between the state and federal cases" are reasons the "[P]lainitff's NYSHRL [§ 296(6) C]laim against Frohman should be *dismissed in favor of state court*" (emphasis added)).)

*\* \* \**

In his Reply, Frohman alternatively requested that, if his Motion is not granted, the Court stay Mosier's § 296(6) Claim against him pending the state court's resolution of her § 296(4) Claim against the SUNY Defendants. (*See* Frohman Reply at 2, 3; *see also id.* at 4 (delineating the factors a court considers in determining whether to enter a stay (quoting *Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-cv-3886, 2013 WL 1182960, at \*2-3 (E.D.N.Y. Mar. 20, 2013)).) Because this Court does not permit sur-replies, *see* SJF Individual Rule 4(G), Mosier did not have an opportunity to address this alternative argument. However, "[i]t is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors*, 2013 WL 1182960, at \*2 (citation omitted). Since: this Court has stated that "'[t]he identical standards apply to . . . discrimination claims brought under . . . Title IX and New York Executive Law § 296'" (January Decision at 20 (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000)(citations omitted))); Mosier has consented to the dismissal of her § 296(4) Claim against the SUNY Defendants without prejudice to pursue in state court; and, the Court is

8

dismissed her corresponding § 296(6) Claim against Frohman without prejudice to do likewise, at the next Status Conference, the parties shall be prepared to discuss staying this case pending the resolution of her NYSHRL Claims.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

*A*.  The SUNY Defendants' Motion is granted, with Plaintiff's Second Causes of Action against the SUNY Defendants, *i.e.*, the § 296(4) Claim, being dismissed without prejudice; and

*B*.  Frohman's Motion is granted, with Plaintiff's Third Cause of Action against Frohman, *i.e.*, the § 296(6) Claim, being dismissed without prejudice; and

*C*.  The October 27, 2020 telephonic Status Conference shall proceed at 10:30 a.m. with the Court addressing whether to stay this case pending the state court's determination of Plaintiff's NYSHRL Claims.

The parties are reminded that Chambers' teleconferencing number is **(877) 336-1280**, and the access code is **7215690**.

SO ORDERED this 24th day of September 2020 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge